UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:07-CR-103-DCR-HAI-3 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| KYLE JOHNSON, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 5, 2008, Defendant pled guilty to conspiracy to manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance. D.E. 89. Defendant's Presentence Investigation Report ("PSR") and its addendums ascribed Defendant a criminal history category of VI and a base offense level 37, as Defendant was determined to be a career offender under §4B1.1. PSR ¶ 114; Second Addendum to the PSR ¶ 90. Factoring in a reduction for acceptance of responsibility, the PSR ascribed a total offense level of 34, yielding a Guidelines Range of 262 to 327 months. Second Addendum to the PSR ¶ 93, 143. At sentencing, District Judge Reeves overruled two objections from defense counsel regarding the calculation of the drug quantity and a two-level increase for possession of a dangerous weapon during the commission of the crime. D.E. 198 at 3, 17, 20. Judge Reeves then found that 240 months imprisonment "provides the appropriate total punishment" but because Defendant had "already served 689 days in state custody…a judgment of 217 months and 6 days" would equal 240 months. *Id*. at 34; D.E. 162 at 2. Judgement was entered on February 11, 2009. Defendant filed an appeal, which was denied by the Sixth Circuit Court of Appeals on August 2, 2011. D.E. 217. Defendant did not file a petition for a writ of certiorari.

On June 22, 2016, Defendant filed a letter asking the Clerk to file the letter in the record and "either (1) appoint me counsel, 'or' (2) fix or vacate my sentence, because I have been labeled a 'career offender' due to prior felonies that shouldn't be used to enhance my sentence." D.E. 291 at 1. The letter specifically references *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id*. District Judge Reeves construed Defendant's letter as a 28 U.S.C. § 2255 motion, and denied Defendant's request for counsel. D.E. 290. On June 21, 2016,[1] Defendant filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody." D.E. 293. Defendant's § 2255 motion and attached memorandum argues that pursuant to *Johnson*, he should be "resentenced under U.S.S.G. § 4B1.3(b)." D.E. 293-1 at 4.

Although Defendant's motion is filed more than a year after his conviction became final, Defendant argues that it is timely filed because of "a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court." D.E. 293 at 6. Defendant's is presumably referencing *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that that *Johnson* applies retroactively to cases on collateral review.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a prompt "preliminary review" of the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id*.; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Because Defendant's motion plainly lacks merit and is time-barred, it must be denied.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Here, Defendant affirmed under penalty of perjury that he placed the motion in the prison mailing system on June 21, 2016. D.E. 293 at 7.

### I. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Nevertheless, § 2255 imposes a strict one-year statute of limitations. That limitations period runs from the latest of four events, only two of which are relevant in this case:

(1) the date on which the judgment of conviction becomes final;

(2) [or] . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C § 2255(f).

When a Defendant appeals, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 524 (2003). The Supreme Court of the United

States's Rules mandate that a petition for writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Rules of the Supreme Court of the United States Rule 13. Thus, Defendant's one-year statute of limitations under § 2255(f)(1) expired in October, 2011. Unless he can show that § 2255(f)(1) does not apply, his claim is time-barred.[2]

## II. Analysis

The Court construes Defendant's statement that his § 2255 motion is "not untimely…due to a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court" as arguing that § 2255(f)(3) should apply based upon *Johnson v. United States*, 135 S. Ct. 251 (2015). The *Johnson* decision indeed fits within § 2255(f)(3)'s parameters. The Court in *Johnson* recognized a new right that has been made retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The holding of *Johnson* was that the "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) was unconstitutionally void for vagueness.

Defendant, however, was not sentenced under the Armed Career Criminal Act. As Defendant acknowledges in his motion, he was sentenced as a career offender under U.S.S.G. § 4B1.2. D.E. 293-1 at 3. Thus, Defendant's argument is that *Johnson* applies to his Career Offender enhancement under the Guidelines. The Sixth Circuit recently held that *Johnson* does indeed apply to certain Career Offender sentences. *United States v. Pawlak*, __ F.3d __, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016); *see also United States v. Stephens*, No. 15-5553, 2016 WL 3194689, at *1 (6th Cir. June 9, 2016). The Court in *Pawlak* joined the majority

---

[2] Defendant makes no claim of actual innocence or for equitable tolling, which can extend the limitations period. *See Souter v. Jones*, 395 F.3d 577, 598-601 (6th Cir. 2005); *Hargrove v. Brigano*, 300 F.3d 717, 719-20 (6th Cir. 2002). His motion recognizes the timeliness issue (D.E. 293 at 6), and the Court construes his argument as relying on *Welch* and *Johnson* to assert that § 2255(f)(3)) applies.

4

of Circuits "in invalidating the Guidelines' 'residual clause' as unconstitutionally vague." *Pawlak*, 2016 WL 2802723, at *1. The Court held that *Johnson* applied to the clause in USSG § 4B1.2(a)(2) that was "textually identical" to the Armed Career Criminal Act's residual clause. *Id*. at *1, *4.[3]

> Section 4B1.1(a) of the Guidelines defines "Career Offender" for sentencing purposes:
>
> **(a)** A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2 then defines the terms "crime of violence" and "controlled substance offense:"

> **(a)** The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> **(b)** The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The italicized portion of USSG § 4B1.2(a)(2) printed above is the clause that was invalidated in *Pawlak*. *Pawlak*, 2016 WL 2802723, at *8-9. Accordingly, assuming that *Johnson* (through *Pawlak*) applies retroactively to Career Offenders, Defendant's motion would only be timely if his Career Offender status depended on the residual clause of the Guidelines' definition of "crime of violence."

---

[3] *Pawlak*'s retroactivity is, at this point, unsettled. The Court need not determine whether Defendant can benefit from *Pawlak* because, even if *Pawlak* is retroactive, its holding does not apply to his case.

Defendant cannot rely on *Johnson*, *Welch*, and *Pawlak* to overcome the one-year statute of limitations because his sentence did not involve § 4B1.2(a)(2)'s residual clause. Defendant's Career Offender designation was based on having "at least two prior felony convictions of…a crime of violence." *See* USSG § 4B1.1(a). Defendant's PSR does not specifically state the basis for Defendant's classification as a Career Offender, but a review of Defendant's criminal history provides the basis. PSR ¶ 94-114. Defendant has two separate prior felony convictions in March 1996 for burglary and aggravated burglary in Montgomery County, Ohio. PSR ¶ 102, 105. The PSR details that each of these burglary convictions involved the entrance into a residence, with the intent to commit a crime therein. *Id*.

A crime of violence is defined as, among other enumerated offenses, "a burglary of a dwelling." U.S.S.G. §4B1.2(a)(2). It is clear that Defendant's prior convictions for burglary would qualify as a "burglary of a dwelling." *See Taylor v. United States*, 495 U.S. 575, 598 (1990) (defining burglary for purposes of § 924(e) as being "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."). The Court further notes that Defendant did not object to his classification as a career offender, and agreed at sentencing that any objections he raised would be moot in light of his classification as a career offender. *See* D.E. 198 at 20. Moreover, the Sixth Circuit specifically relied on this classification in denying his direct appeal challenging his sentence. D.E. 217 at 4-5.

The record therefore makes clear that Defendant qualifies as a career offender on the basis of prior enumerated crimes of violence, not by operation of the residual clause. *Johnson*, *Welch*, and *Pawlak* have no applicability to his case. *Johnson* has no effect on his statute of limitations, and it has no application to his sentence. Defendant's motion is both clearly time-

barred and unmistakably fails on the merits. Furthermore, the District Judge imposed a below-Guidelines sentence.

In this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

### III. Conclusion

Having conducted a preliminary review, the undersigned finds that Defendant's theory regarding the timeliness of his motion is plainly meritless. The one-year statute of limitations began to run on the date his judgment of conviction became final, which occurred in October 2011. Defendant's motions for § 2255 relief are untimely as *Johnson* is inapplicable to his case and Defendant may not use it to invoke § 2255(f)(3)'s alternative statute of limitations. The undersigned therefore **RECOMMENDS** that Defendant's motions (D.E. 291, 293) be **DENIED** as time-barred. In the alternative, it is also unambiguous that the motion should be denied on the merits.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant's sole theory regarding the merits and the timeliness of his case relies on the applicability of *Johnson*. Because *Johnson* and *Pawlak* are plainly not applicable, reasonable jurists would not find this dismissal debatable.

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 29th day of June, 2016.

Signed By:
Hanly A. Ingram
United States Magistrate Judge